UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ARREOLA,<br><br>Defendants. | No. 1:12-cr-00184-DAD-BAM-2<br><br>ORDER FOR ADDITIONAL BRIEFING ON DEFENDANT'S NOTICE OF APPEAL<br><br>(Doc. Nos. 156, 159, & 160) |

On August 3, 2015, Defendant filed an Ex Parte Motion for Appointment of Counsel to assist him in preparing and filing a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c). (Doc. No. 153.) The Office of the Federal Defender filed notice with this court that it did not recommend the appointment of counsel in this case for that purpose. (Doc. No. 154.) On November 17, 2015, the previously assigned District Judge issued an order denying Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 156.) On December 8, 2015, Defendant filed a notice of appeal from the Court's November 17, 2015 order. (Doc. Nos. 159, 160.)

On December 9, 2015, the Ninth Circuit Court of Appeals issued an order in which it noted that Defendant had filed his Notice of Appeal more than 14 days after entry of the order denying his motion to reduce his sentence, but within 30 days after the expiration of the time to file a notice of appeal. Because the notice of appeal was filed more than 14 days after entry of the

1

order, it was not timely under Federal Rule of Appellate Procedure 4(b)(1)(A).  The Ninth Circuit, therefore, remanded this matter to the district court:

> for the limited purpose of permitting the district court to provide appellant notice and an opportunity to request that the time for filing the notice of appeal be extended, for a period not to exceed 30 days from the expiration of the time prescribed by Rule 4(b), upon a finding of excusable neglect or good cause.

## **DISCUSSION**

"In a criminal case, the district court has discretion under [Federal Rule of Appellate Procedure] 4(b) to grant an extension of time [for filing a notice of appeal] upon finding 'excusable neglect.'"  <u>United States v. Prairie Pharmacy, Inc.,</u> 921 F.2d 211, 212 (9th Cir. 1990).  Federal Rule of Appellate Procedure 4(b)(4) provides:

> Upon a finding of excusable neglect or good cause, the district court may - before or after the time has expired, with or without motion and notice - extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

In cases such as this one in which a prisoner seeks to appeal pro se, the Supreme Court and Ninth Circuit have held "a notice of appeal filed by an incarcerated prisoner, after the time for filing a notice of appeal had run, [is] timely if the appellant 'did all he could do under the circumstances' to file his appeal within [the proscribed deadline]." *Prairie Pharmacy*, 921 F.2d at 213 (*quoting Fallen v. United States*, 378 U.S. 139, 144 (1964), and *citing United States v. Houser*, 804 F.2d 565 (9th Cir. 1986)).

In *Houser*, trial counsel promised the incarcerated defendant that he would represent defendant in filing a notice of appeal, but counsel failed to do so.  804 F.2d at 569.  When the defendant was informed his trial counsel had not filed a notice of appeal, the defendant filed a motion for leave to file a late notice pro se.  *Id*.  The Ninth Circuit in *Houser* concluded that the defendant did all he could do to file a timely appeal under the circumstances, and, therefore, the court found excusable neglect.  *Id*.; *see also Houston v. Lack*, 487 U.S. 266, 270 (1988) (Court granted extension to pro se prisoner who delivered a timely notice of appeal to prison authorities even though the notice was not received by the Court until after the time limit*); Hostler v. Groves*, 912 F.2d 1158, 1161 (9th Cir. 1990) (applying *Houston* "to notices of appeal filed in

non-habeas civil cases by incarcerated prisoners acting pro se."); *United States v. Giddings*, 740 F.2d 770, 771 (9th Cir. 1984) (Court concluded that a federal inmate who mailed his notice of appeal four days after he received the sentencing order "did all that reasonably could be expected.").

This Court, therefore, directs Defendant to advise the Court in writing no later than December 24, 2015, whether he requests the Court to extend the time for filing his Notice of Appeal and, if so, to provide the Court with an explanation for his failure to file his Notice of Appeal within the 14 days of the filing of the order which is the subject of the appeal as required by Federal Rule of Appellate Procedure 4(b)(1)(A).  If Defendant does not establish excusable neglect or good cause, there will not be any basis for this Court to consider whether to extend the time for him to file a notice of appeal in this action.  Since this Court is operating under a deadline if it chooses to grant an extension under Federal Rule of Civil Procedure 4(b)(4), no extensions of time will be granted to respond to this order.

**ORDER**

For the reasons set forth above, the Court directs Defendant to advise the Court in writing no later than December 24, 2015, whether he requests the Court to extend the time for filing his Notice of Appeal and, if so, to provide the Court with an explanation for his failure to file a notice of appeal within the fourteen (14) days required by Federal Rule of Appellate Procedure 4(b)(1)(A).

IT IS SO ORDERED.

Dated:   **December 10, 2015**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE