1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  1:12-cr-00184-DAD-BAM-2 |
| Plaintiff, | |
| v. | ORDER FOR ADDITIONAL BRIEFING REGARDING DEFENDANT'S NOTICE OF APPEAL |
| DAVID ARREOLA, | |
| Defendant. | (Doc. Nos. 156, 159, 160, 163) |

11

12

13

14

15

16

17         On August 3, 2015, defendant David Arreola filed an Ex Parte Motion for Appointment of

18   Counsel to assist him in preparing and filing a motion for reduction of sentence pursuant to 18

19   U.S.C. § 3582(c).  (Doc. No. 153.)  Thereafter, the Office of the Federal Defender filed notice

20   with this court that it did not recommend the appointment of counsel in this case for that purpose.

21   (Doc. No. 154.)  On November 17, 2015, the previously assigned District Judge issued an order

22   denying defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  (Doc. No.

23   156.)  On December 8, 2015, defendant Arreola filed a notice of appeal from the court's

24   November 17, 2015 order.  (Doc. Nos. 159 & 160.)

25         On December 9, 2015, the Ninth Circuit Court of Appeals issued an order noting that

26   defendant Arreola had filed his Notice of Appeal more than 14 days after entry of the order

27   denying his motion to reduce his sentence, but within 30 days after the expiration of the time to

28   file a notice of appeal.  Because defendant Arreola's notice of appeal was filed more than 14 days

1    after entry of the order in question, it was not timely under Federal Rule of Appellate Procedure

2    4(b)(1)(A).  The Ninth Circuit, therefore, remanded this matter to the district court:

3    
4    
5
> for the limited purpose of permitting the district court to provide
> appellant notice and an opportunity to request that the time for
> filing the notice of appeal be extended, for a period not to exceed
> 30 days from the expiration of the time prescribed by Rule 4(b),
> upon a finding of excusable neglect or good cause.

6    On December 11, 2015, this court issued an order seeking additional briefing from

7    defendant addressing the question of whether the time for his filing of the notice of appeal should

8    be extended.  On the same day it issued, the order was served by mail via the United States Postal

9    Service.  However, due to a clerical error the order was erroneously served on a co-defendant

10    rather than upon defendant Arreola.  Ten days later this clerical error was apparently discovered

11    by Clerk's Office staff and the December 11 order was reserved on defendant Arreola by mailing

12    it to him at the address provided by the Ninth Circuit in its order of December 9, 2015.  It appears

13    likely that defendant Arreola likely did not receive the court's order inviting additional briefing

14    until on or after the deadline set therein for him to respond.  Accordingly, to provide defendant

15    with adequate notice, this court is now reissuing its order inviting additional briefing from

16    defendant addressing the question of whether the time for his filing of the notice of appeal should

17    be extended and setting a new deadline of January 27, 2016 for defendant Arreola to respond.

18    **DISCUSSION**

19    "In a criminal case, the district court has discretion under [Federal Rule of Appellate

20    Procedure] 4(b) to grant an extension of time [for filing a notice of appeal] upon finding

21    'excusable neglect.'"  *United States v. Prairie Pharmacy, Inc.,* 921 F.2d 211, 212 (9th Cir. 1990).

22    Federal Rule of Appellate Procedure 4(b)(4) provides:

23    
24    
25
> Upon a finding of excusable neglect or good cause, the district
> court may - before or after the time has expired, with or without
> motion and notice - extend the time to file a notice of appeal for a
> period not to exceed 30 days from the expiration of the time
> otherwise prescribed by this Rule 4(b).

26    In cases such as this one in which a prisoner seeks to appeal pro se, both the Supreme

27    Court and Ninth Circuit have held "a notice of appeal filed by an incarcerated prisoner, after the

28    time for filing a notice of appeal had run, [is] timely if the appellant 'did all he could do under the

1    circumstances' to file his appeal within [the proscribed deadline]." *Prairie Pharmacy*, 921 F.2d

2    at 213 (*quoting Fallen v. United States*, 378 U.S. 139, 144 (1964), and *citing United States v.*

3    *Houser*, 804 F.2d 565 (9th Cir. 1986)).

4         In *Houser*, trial counsel promised the incarcerated defendant that he would represent

5    defendant in filing a notice of appeal, but counsel failed to do so.  804 F.2d at 569.  When the

6    defendant was informed his trial counsel had not filed a notice of appeal, the defendant filed a

7    motion for leave to file a late notice pro se.  *Id*.  The Ninth Circuit in *Houser* concluded that the

8    defendant did all he could do to file a timely appeal under the circumstances, and, therefore, the

9    court found excusable neglect.  *Id*.; *see also Houston v. Lack*, 487 U.S. 266, 270 (1988) (Court

10   granted extension to pro se prisoner who delivered a timely notice of appeal to prison authorities

11   even though the notice was not received by the Court until after the time limit*); Hostler v.*

12   *Groves*, 912 F.2d 1158, 1161 (9th Cir. 1990) (applying *Houston* "to notices of appeal filed in

13   non-habeas civil cases by incarcerated prisoners acting pro se."); *United States v. Giddings*, 740

14   F.2d 770, 771 (9th Cir. 1984) (Court concluded that a federal inmate who mailed his notice of

15   appeal four days after he received the sentencing order "did all that reasonably could be

16   expected.").

17        This court, therefore, directs defendant Arreola to advise the court in writing no later than

18   January 27, 2016, whether he requests the court to extend the time for filing his Notice of Appeal

19   and, if so, to provide the court with an explanation for his failure to file his Notice of Appeal

20   within the 14 days of the filing of the order which is the subject of the appeal as required by

21   Federal Rule of Appellate Procedure 4(b)(1)(A).  If defendant does not establish excusable

22   neglect or good cause, there will not be any basis for this court to consider whether to extend the

23   time for him to file a notice of appeal in this action.  No further extensions of time will be granted

24   for defendant Arreola to respond to this order.

25                                          **ORDER**

26        For the reasons set forth above:

27        1. Defendant Arreola is directed to advise the court in writing no later than January 27,

28            2016, whether he requests the court to extend the time for filing his Notice of Appeal

                                             3

1    and, if so, to provide the court with an explanation for his failure to file a notice of

2    appeal within the fourteen (14) days required by Federal Rule of Appellate Procedure

3    4(b)(1)(A).

4        2.   The Clerk of the Court is directed to serve this order on defendant David Arreola at:

5
            David Arreola
            68795-097
6           Adams County Correctional Center
            P.O. Box 1600
7           Washington, MS 39190

8

9
     IT IS SO ORDERED.
10

11

12   Dated:    **January 5, 2016**                    _____
                                                       DALE A. DROZD
13                                                     UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        4