UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ARREOLA,<br><br>Defendant. | No. 1:12-cr-00184-DAD-BAM-2<br><br>ORDER DENYING EXTENSION OF TIME TO FILE NOTICE OF APPEAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(b)(4)<br><br>(Doc. Nos. 156, 159, 160, 168) |

On August 3, 2015, defendant filed an Ex Parte Motion for Appointment of Counsel to assist him in preparing and filing a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c). (Doc. No. 153.) The Office of the Federal Defender in this District filed notice with this court that it did not recommend the appointment of counsel in this case for that purpose. (Doc. No. 154.) On November 17, 2015, the previously assigned District Judge issued an order denying defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 156.) On December 8, 2015, defendant filed a notice of appeal from the court's November 17, 2015 order. (Doc. Nos. 159 & 160.)

On December 9, 2015, the Ninth Circuit Court of Appeals issued an order noting that defendant had filed his Notice of Appeal more than 14 days after entry of the order denying his motion to reduce his sentence, but within 30 days after the expiration of the time to file a notice of appeal. Because defendant's notice of appeal was filed more than 14 days after entry of the

1

order in question, it was untimely under Federal Rule of Appellate Procedure 4(b)(1)(A). The Ninth Circuit, therefore, remanded this matter to the district court:

> for the limited purpose of permitting the district court to provide appellant notice and an opportunity to request that the time for filing the notice of appeal be extended, for a period not to exceed 30 days from the expiration of the time prescribed by Rule 4(b), upon a finding of excusable neglect or good cause.

On December 11, 2015, this court issued an order seeking additional briefing and, specifically, directing defendant:

> to advise the court in writing no later than December 24, 2015, whether he requests the court to extend the time for filing his Notice of Appeal and, if so, to provide the court with an explanation for his failure to file a notice of appeal within the fourteen (14) days required by Federal Rule of Appellate Procedure 4(b)(1)(A). If defendant does not establish excusable neglect or good cause, there will not be any basis for this court to consider whether to extend the time for him to file a notice of appeal in this action. Since this court is operating under a deadline if it chooses to grant an extension under Federal Rule of Civil Procedure 4(b)(4), no extensions of time will be granted to respond to this order.

(Doc. No. 163 at 3:5-13.)

On the same day it issued, the order was served by mail via the United States Postal Service. However, due to a clerical error the order was erroneously served on a co-defendant rather than upon defendant Arreola. Ten days later this clerical error was apparently discovered by Clerk's Office staff and the December 11 order was reserved on defendant Arreola by mailing it to him at the address provided by the Ninth Circuit in its order of December 9, 2015. However, it appeared to the undersigned likely that defendant Arreola did not receive this court's order inviting additional briefing until on or after the deadline set for him to respond. Consequently, to provide defendant Arreola with adequate notice, on January 5, 2016, the court reissued its December 11 order inviting additional briefing and provided defendant Arreola with a new deadline to respond of January 27, 2016. (Doc. No. 168.) On the same it issued, this order was served on defendant Arreola by mail via the United States Postal Service to the proper address provided by the Ninth Circuit in its December 9, 2015 order.

Defendant did not comply with the court's January 27, 2016 deadline. Accordingly, on February 2, 2016, this court issued an order denying defendant an extension of time to file a

notice of appeal under Federal Rule of Civil Procedure 4(b)(4). (Doc. No. 171.) However, also on February 2, 2016, defendant's response to the January 5, 2016 order was entered into docket. (Doc. No. 170.) The response was dated the day after the response was due and was filed at the clerk's office several days later on February 1, 2016. (*Id.*) In light of the defendant's submission, the court withdrew its February 2, 2016 order. (Doc. No. 172.) However, for the following reasons and after having reviewed defendant's most recent submission, the court now declines to grant defendant an extension of time to file a notice of appeal under Federal Rule of Civil Procedure 4(b)(4).

## **DISCUSSION**

"In a criminal case, the district court has discretion under [Federal Rule of Appellate Procedure] 4(b) to grant an extension of time [for filing a notice of appeal] upon finding 'excusable neglect.'" United States v. Prairie Pharmacy, Inc., 921 F.2d 211, 212 (9th Cir. 1990). Federal Rule of Appellate Procedure 4(b)(4) provides:

> Upon a finding of excusable neglect or good cause, the district court may - before or after the time has expired, with or without motion and notice - extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

In cases such as this one in which a prisoner seeks to appeal pro se, both the Supreme Court and Ninth Circuit have held "a notice of appeal filed by an incarcerated prisoner, after the time for filing a notice of appeal had run, [is] timely if the appellant 'did all he could do under the circumstances' to file his appeal within [the proscribed deadline]." *Prairie Pharmacy*, 921 F.2d at 213 (*quoting Fallen v. United States*, 378 U.S. 139, 144 (1964), and *citing United States v. Houser*, 804 F.2d 565 (9th Cir. 1986)).

In the court's January 5, 2015 order, defendant was directed to advise the court in writing no later than January 27, 2015, whether he requested an extension of time for filing his Notice of Appeal and, if so, to provide the court with an explanation for his failure to file his Notice of Appeal within the 14 days of the filing of the order which is the subject of the appeal as required by Federal Rule of Appellate Procedure 4(b)(1)(A). Defendant Arreola responded to this order, but not within the time period that he was directed to do so.

3

1    In his untimely response, defendant alleges that, on May 20, 2012, there was a serious
2 disturbance at the Adams County Correctional Institution, where he is currently incarcerated.
3 (Doc. No. 170.)  The disturbance resulted in extensive staff injuries, a staff fatality, and serious
4 damage to infrastructure, including the programs building that houses access to the law library.
5 (*Id*.)  Consequently, access to the law library has been limited to once a week, on a first come first
6 served basis, for a maximum of about five hours.  (*Id*.)  Furthermore, the law library has eight
7 computers, three functioning typewriters, and one law-library clerk to assist around 2,600
8 inmates.  (*Id*.)  As a result, defendant alleges he was unable to timely file his Notice of Appeal.
9 (*Id*.)  Defendant does not explain why his response to the court's order for additional briefing was
10 also late, but the court assumes he would allege a similar reason as he presented with respect to
11 his untimely Notice of Appeal.

12   Nevertheless, the court finds that defendant has not sufficiently established a basis upon
13 which to make a finding of excusable neglect or good cause in order to extend the time for him to
14 file a notice of appeal.  Defendant has not explained how the limited access to the law library kept
15 him from filing a timely notice of appeal.  *See United States v. Divito*, 415 Fed. Appx. 151, 153
16 (11th Cir. 2011) (defendant failed to demonstrate how any inadequacies in the prison law library
17 kept him from filing a timely notice of appeal).  For example, defendant alleges only that he was
18 provided limited law library access.  He provides not explanation as to why he needed access to
19 the law library merely to file a notice of appeal.  Extensive legal research is not needed to file a
20 notice of appeal.  Likewise, legal research on defendant's part was not needed to respond to the
21 court's order for additional briefing.  That order explicitly provided defendant with the applicable
22 legal standard for the granting of extensions of time under Rule 4(b) and also provided him with
23 examples of situations in which courts had entered findings of good cause or excusable neglect to
24 do so.  (Doc. No. 168, at 2:19-3:16.)  Defendant, however, was late both in filling his notice of
25 appeal and in responding to the court's order for additional briefing on whether he should be
26 granted an extension of time in which to do so.  Under these circumstances, defendant simply has
27 not established that he "'did all he could do under the circumstances' to file his appeal within [the
28 proscribed deadline]." *Prairie Pharmacy*, 921 F.2d at 213 (*quoting Fallen*, 378 U.S. at 144 ).

Accordingly, the court declines to grant defendant an extension of time to file a notice of appeal under Federal Rule of Civil Procedure 4(b)(4).

For the reasons set forth above,

(1) This court declines to grant defendant an extension of time to file a notice of appeal under Federal Rule of Civil Procedure 4(b)(4);

(2) The Clerk of the Court is DIRECTED to TERMINATE defendant David Arreola and CLOSE THE CASE; and

(3) The Clerk of the Court is directed to serve this order on defendant David Arreola at:

> David Arreola
> 68795-097
> Adams County Correctional Center
> P.O. Box 1600
> Washington, MS 39190

IT IS SO ORDERED.

Dated: **February 11, 2016**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE